Filed 7/30/13  In re M.V. CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.V., a Person Coming Under the Juvenile Court Law. | H038610; H038858 (Santa Cruz County Super. Ct. No. DP002472) |
| SANTA CRUZ COUNTY HUMAN SERVICES DEPARTMENT, Plaintiff and Respondent, v. L.V., Defendant and Appellant. | |

In two related dependency appeals, appellant L.V. (Mother) challenges a postdisposition modification order of the juvenile court regarding visitation and telephone contact with her minor son, and two juvenile court orders authorizing the administration of psychotropic medication to her son.[1] For the reasons stated below, we will affirm the modification order, and dismiss the appeals as moot as to the psychotropic medication orders.

---

[1] On December 8, 2012, Mother moved to consolidate H038610 and H038858. This court denied the motion, but ordered the cases to be considered together for purposes of briefing, oral argument, and disposition.

# I. FACTS AND PROCEDURAL BACKGROUND

M.V. (Child), a 17-year-old male, is a dependent child of the Santa Cruz County Juvenile Court. His father is deceased. In 2011, respondent Santa Cruz County Human Services Department (Department) filed a petition on Child's behalf under section 300 of the Welfare and Institutions Code.[2] At a hearing in September 2011, the juvenile court sustained the allegations in the petition, as modified by the Department, and assumed jurisdiction over Child. The disposition order removed Child from the custody of Mother, and ordered reunification services for Mother.[3] In January 2012, Child was placed in foster care.

At a March 23, 2012 hearing, Mother advised the court that she wished to waive further reunification services. After accepting Mother's written waiver, the court discussed visitation with the parties. The parties agreed the court would reduce Mother's visits with Child to once a month, and, at the request of Mother, allow the social worker to authorize additional visits if Child was agreeable to more frequent visits. Although counsel for the Department specially appeared for Child's attorney at the hearing, she provided no input into the visitation discussion on behalf of Child, who was not present. In an April 3 order, the court terminated reunification services, ordered visitation as indicated at the hearing, and set the matter for a July 17 section 366.26 selection and implementation hearing.

## A. MODIFICATION OF VISITS AND PHONE CALLS

On May 8, 2012, the Department filed a section 388 modification petition, seeking to change the visitation terms of the April 3 order from monthly to quarterly, and to restrict Mother's phone calls to the foster home to two nights per week. The petition alleged Mother had called the foster home "repeatedly leaving angry and intimidating

---

[2] Further statutory references are to the Welfare and Institutions Code.

[3] We take judicial notice that last year this court upheld the jurisdiction and disposition order. (*In re M.V.* (Oct. 19, 2012, H037611) [nonpub. opn.].)

voice mail messages." Mother's messages included yelling, cursing, and ranting. Mother accused the foster parents of harming Child and keeping him away from her. Mother also left messages for Child, saying things like "Goodbye, this is the last you will hear from me," and blaming Child for the Department's involvement in their lives. According to the petition, the messages were often disturbing and inappropriate, and Child no longer wished to listen to them.

Mother opposed the relief sought in the modification petition and requested a hearing. On May 11, the court issued a temporary order prohibiting Mother from calling the foster home and set the matter for hearing on June 4, 2012.

Counsel for both Mother and Child appeared at the June 4 hearing without their clients. Child's foster parents were present. Child's foster mother played a series of voice messages from her home answering machine left between April 27 and April 29, 2012. In the messages, Mother described being upset about a text message she received from the foster father. Mother said "he's not dad," and "your dad's dead." Mother asked Child to call her. Mother left voice messages in the middle of the night inquiring about Child's safety. In her messages directed at the foster parents, she accused them of stealing her son and keeping him from communicating with her. The foster mother testified that she recorded these calls at the request of Child's counsel.

Child's foster mother testified that in January and February, Mother left voice messages for Child one to three times per week. When the foster mother played the messages for Child, he would "get a little bit antsy," "grimace," and "wring and pull at his hands." Beginning in late February, Child no longer wanted to listen to the messages, but he did allow his foster mother to paraphrase and interpret them for him. Child spoke with Mother once in February and once in March. Both calls upset Child. In April, Child answered a call from Mother, but they did not have a conversation because Mother hung up upon learning that Child was not alone. Since then, Child no longer wants his foster mother to interpret or paraphrase Mother's voice messages. The foster mother also

testified that Child had not seen Mother since he was placed with them. Child's counsel urged that the phone calls be stopped because they were causing Child emotional suffering. Child's counsel agreed with the Department's request for quarterly visits, with one visit to be arranged before the July 17 selection and implementation hearing.

The juvenile court found that changed circumstances and new evidence warranted a change to the April 3 order. The court observed that Child was "practicing some self-preservation techniques when he is emotionally affected by his Mother's lack of stability." The court found that Mother's lack of stability continued to be challenging and harmful to Child, to the point where Child could no longer handle the phone calls. Recognizing the need to protect Child as he moved into adulthood and worked toward establishing his own stability, the court found that reducing visitation to once per quarter was in the best interest of Child. The court ordered Mother to cease all phone calls to the foster home, observing that the calls were not helpful: "[Child] has completely put up a barrier and does not want that contact."

The juvenile court's June 4 minute order set visitation at a minimum of one visit per quarter, with discretion to the social worker to increase the number of visits. The court ordered that one visit be scheduled before the July 17 hearing. The court further ordered that Mother's phone calls to the foster home cease, but authorized Child to initiate calls to Mother. Finally, the minute order directed foster parents to provide periodic updates on Child's well-being and activities to Mother's counsel, to be relayed to Mother. On June 6, the court filed a form order granting the section 388 modification. The order read: "Mother's telephone contact with minor shall be discontinued as it is detrimental for both the mother and minor."

## B. PSYCHOTROPIC MEDICATION

On June 19, 2012, the Department filed an application regarding psychotropic medication, requesting court authorization to administer Prozac and Trileptal to Child. The application was supported by a June 14 physician's statement and based on a medical

evaluation of Child. On June 19, the court issued a form order granting the application as requested. By its terms, the order was effective until the earlier of either (1) termination or modification by the court, or (2) 180 days from the issuance date. On June 22, Mother filed an objection to the administration of the medication, and the court set a psychotropic medication status review for July 17, 2012, the same time set for the selection and implementation hearing.

At the July 17 hearing, Mother's counsel requested a continuance of both the selection and implementation hearing and the psychotropic medication status review. Although Mother was present at the courthouse, she had left before the hearing. The court granted the motion and reset the matters to August 2. Mother was not present at the August 2 hearing, having requested a continuance through counsel. At the hearing, the Department requested and was granted a continuance of the selection and implementation issue only, because it changed its permanent plan recommendation to adoption and needed to amend its report accordingly. The court denied Mother's request and proceeded with the medication status review. Although no testimony was taken at the August 2 hearing, the court accepted a hand–written note from Child, offered by Child's counsel, stating Child was "comfortable taking" and "feel[ing] good on" the medication. Mother's counsel voiced Mother's concern that Child should try therapy and milder drugs before resorting to the prescribed medications. She also explained that Mother might change her mind if she had the opportunity to talk with Child about the medications. On August 3, the Court issued a new order authorizing the medications.[4]

Mother appeals the June 4 order restricting visitation and phone calls, and the June 19 and August 3 orders authorizing psychotropic medication.

---

[4] Judicial Council Form JV-223 (Order Regarding Application for Psychotropic Medication) requires attachment of page 3 of Form JV-220(A) (Prescribing Physician's Statement). We note that page 3 is not attached to either the June 19 or August 3 orders, and urge the juvenile court to conform to all requirements when utilizing Judicial Council forms.

## II.  DISCUSSION

### A.  THE JUVENILE COURT'S SECTION 388 MODIFICATION ORDER WAS NOT AN ABUSE OF DISCRETION

#### 1.  Standard of Review

The parties dispute the standard of review we apply to the juvenile court's order modifying visitation and phone contact.  Mother argues that we review for substantial evidence, citing this court's decision in *Sheila S. v. Superior Court* (2000) 84 Cal.App.4th 872, 880 (*Sheila S.*).  Also relying on *Sheila S.*, the Department argues that we review for abuse of discretion.

In *Sheila S.*, the juvenile court granted a section 388 petition seeking to terminate reunification services under a dispositional order.  (*Sheila S.*, *supra*, at p. 877.)  As a threshold matter, *Sheila S.* held that a section 388 petition is an appropriate vehicle for terminating reunification services after disposition.  (*Id*. at p. 879.)  *Sheila S.* acknowledged generally that a section 388 petition is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion.  (*Id*., at p. 880.)  However, we applied the substantial evidence standard of review because, in deciding the section 388 petition, the juvenile court relied on section 361.5, subdivision (b)(2), the statutory provision governing termination of reunification services.  (*Id*., at p. 880.)  A finding under that section is reviewed for substantial evidence.  (*Id*., at pp. 880–881.)

Following *Sheila S.*, we apply the standard of review that is consistent with the underlying substantive relief sought in the section 388 petition.  Here, the juvenile court modified the terms of Mother's visitation with Child.  We review such modifications for a clear abuse of discretion.  (*In re Megan B.* (1991) 235 Cal.App.3d 942, 953, superseded by statute on other grounds [noting that trial courts are vested with broad discretion in matters concerning child custody and visitation, and applying a clear abuse of discretion standard to the order which reduced visitation following a permanency planning

hearing].)  Our Supreme Court describes the abuse of discretion test as " 'whether the trial court exceeded the bounds of reason.' " (*In re Stephanie M*. (1994) 7 Cal.4th 295, 318-319.)

### 2.  Analysis

Section 388, subdivision (a), governing modification of orders in juvenile dependency proceedings, authorizes any person having an interest in a dependent child to petition the court for a hearing to modify an existing order, based on changed circumstances or new evidence.[5]  California Rules of Court, rule 5.570(e)(1), governing section 388 modification petitions, provides that a court may grant the petition if "it appears that the best interest of the child may be promoted by the proposed change." California Rules of Court, rule 5.570(h)(1)(D) requires the petitioner to show, by a preponderance of the evidence, that the child's welfare requires the modification.

### a.  Child's best interest

Mother argues that the juvenile court erred by failing to consider the best interest of Child.  According to Mother, the court (1) failed to make a showing of detriment, (2) improperly relied on Mother's mental illness, (3) received no input from Child's therapist, and (4) considered the best interest of the foster parents.  Mother's arguments lack merit.

After Mother requested termination of reunification services, the court set the matter for a section 366.26 selection and implementation hearing.  Section 366.21, subdivision (h) provides that the court, when ordering a dependency matter to proceed to a section 366.26 hearing, "shall continue to permit the parent . . . to visit the child pending the hearing unless it finds that visitation would be detrimental to the child."  If

---

[5]  Section 388, subdivision (a) reads:  "Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . . or the child himself or herself . . . through a properly appointed guardian may, upon grounds of change of circumstance or new evidence, petition the court . . . for a hearing to change, modify, or set aside any order of court previously made . . . ."

the court does not terminate parental rights at the section 366.26 hearing, it shall order visitation unless visitation would be detrimental to the child. (§ 366.26, subd. (c)(4)(C).)

Mother argues the juvenile court must make a detriment finding in ruling on the section 388 petition, in the same way the court would be required to make a detriment finding under section 366.21, subdivision (h). We would agree with Mother on this point if the juvenile court had ordered that all visits cease pending the section 366.26 hearing. (*In re Manolito L.* (2001) 90 Cal.App.4th 753, 760 [requiring detriment when terminating visitation pursuant to § 388].) However, we do not agree with Mother that terminating her telephone calls is tantamount to terminating visitation ordered under section 366.21, subdivision (h) based on Child's ability to opt out of in-person visits. Even though the court ordered Mother's phone calls to cease, it ordered that a visit be scheduled before the section 366.26 hearing, and further ordered quarterly visits with discretion in the social worker to allow greater visitation. The section 388 petition sought to reduce, not terminate, contact between Child and Mother. Accordingly, a detriment finding is not required.

We also observe that the juvenile court's June 6 order states Mother's telephone contact with minor "is detrimental for both the mother and minor." Mother argues that this language does not constitute a detriment finding because the court did not make an oral finding of detriment. We disagree. While the reporter's transcript is presumed to be more accurate than the clerk's transcript when the two are in conflict (*In re A.C.* (2011) 197 Cal.App.4th 796, 799–800), here there is no conflict because the hearing transcript is consistent with the written order. Further, the juvenile court's June 6 detriment finding in no way exceeds the bounds of reason. (*In re Stephanie M.*, *supra*, 7 Cal.4th at pp. 318–319.) The finding is supported by ample evidence that Child's phone conversations with Mother were difficult, and Child's capacity to speak with Mother or listen to her voice messages diminished between January and the June modification hearing.

Mother's additional arguments that the juvenile court did not consider Child's best interest also fail. The court did not abuse its discretion by acknowledging Mother's mental health issues. The section 300 petition itself described behavior attributable to mental health concerns. Indeed, in upholding the juvenile court's jurisdictional order sustaining the allegations in the petition, this court attributed the allegations in paragraphs b-3 and b-4 of the petition to problems related to Mother's mental health and substance abuse. (*In re M.V.*, *supra*, H037611 [nonpub. opn.].) Mother's suggestion that the juvenile court was improperly relying on a psychological evaluation of Mother also is not supported by the record. The court made no reference to such an evaluation in the section 388 proceedings.

Finally, Mother contends that the juvenile court should not have terminated her phone contact with Child without receiving input from Child's therapist. Mother cites no authority for the proposition that a juvenile court must obtain input from a child's therapist before making such an order, and we know of none. Nor are we aware of any authority prohibiting the juvenile court, when ruling on a section 388 modification request, from acknowledging the interests of foster parents in addition to determining the best interest of the child.

In sum, the juvenile court's best interest determination was not an abuse of discretion. Foster mother's testimony supports the court's finding that continued phone calls from Mother would be detrimental and not in Child's best interest.

### b. Changed circumstances

Mother argues that the record does not support the juvenile court's changed circumstances finding. We note that the juvenile court made findings at the June 4 hearing of both changed circumstances and new evidence. (§ 388, subd. (a) [providing for modification by showing changed circumstances or new evidence].) We note further that the court's original visitation order was crafted as a result of the court's discussion with Mother's counsel and the Department's counsel at the March 23 hearing. No

evidence regarding visitation was offered at that time, nor were Child or Child's counsel present to provide input. Thus, all evidence presented at the modification hearing was new evidence regarding visitation.

Mother does not challenge the court's new evidence finding. It is therefore unnecessary to address Mother's changed circumstances arguments, because the juvenile court's section 388 modification order may be upheld based on the alternative finding of new evidence. We conclude the juvenile court did not abuse its discretion by modifying the visitation order, including the restriction on Mother's telephone calls to Child, based on the new evidence submitted at the modification hearing. Even though the phone messages played for the court occurred in a narrow time window and even though they may have been spurred by a text message Mother received from the foster father, the record demonstrates that the juvenile court's decision was well within the bounds of reason. (*In re Stephanie M*., *supra*, 7 Cal.4th at pp. 318-319.)

**B.** **MOTHER'S CHALLENGES TO THE JUVENILE COURT'S ORDERS REGARDING PSYCHOTROPIC MEDICATION ARE MOOT**

Mother appealed the juvenile court's June 19 and August 3 orders granting the Department's application to administer psychotropic medication to Child. The Department argues that Mother's challenges are moot because even the more recent of the orders has expired by its own terms. We agree.

Mother does not address the June 19 order in her briefing, nor does she dispute that the August 3 order terminated on or before February 3, 2013.[6] However, Mother argues that her challenges are not moot because the Department failed to file a motion to dismiss and inform this court of Child's current medication status, including whether a new request for medication had been filed, and whether Mother had opposed any new

---

[6] Tracking California Rules of Court, rule 5.640(f), the Judicial Council form order authorizing psychotropic medication (JV-223) provides: "This order is effective until terminated or modified by court order or until 180 days from the date of this order, whichever is earlier."

request.  Citing *In re Natasha A*. (1996) 42 Cal.App.4th 28, 38, Mother contends further that her sufficiency of the evidence challenges meet the "capable of repetition, yet evades review" exception to the mootness doctrine.

Generally speaking, the question of mootness in a juvenile dependency proceeding is decided on a case-by-case basis.  (*In re Hirenia C*. (1993) 18 Cal.App.4th 504, 518.) Mother's argument that this matter is not moot because the Department failed to file a motion to dismiss, or otherwise provide this court with a status report on Child's medication use, is unavailing.  We will dismiss an appeal if the issues have become moot by any subsequent events.  (*Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863, quoting *Mills v. Green* (1895) 159 U.S. 651, 653 [" '[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for [the reviewing] court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' "].)

Nor are we persuaded that Mother's sufficiency of the evidence issues meet the "capable of repetition" exception to the mootness rule.  The exception applies to issues of substantial public interest.  (*In re Natasha A*., *supra*, 42 Cal.App.4th at p. 38.)  Mother challenges an inadvertent omission of a check mark on the physician's statement supporting the Department's application to administer psychotropic medication.  She also challenges the physician's statement as being stale and possibly inaccurate.  Finally, she challenges the juvenile court's consideration of a note tendered by Child's counsel and represented as written by Child.  These challenges are not issues of substantial public interest.  (Cf. *Alfredo A. v. Superior Court* (1994) 6 Cal.4th 1212 [applying exception to constitutional challenges to pretrial detention].)  Indeed, they are fact specific to the

August 3 order.  Accordingly, Mother fails to demonstrate that the capable of repetition exception to the mootness rule applies here.[7]

### III.  DISPOSITION

In case H038610, we affirm the juvenile court's order granting the section 388 modification, and we dismiss Mother's appeal of the June 19 order regarding psychotropic medication as moot.  We also find Mother's appeal of the August 3 medication order is moot and dismiss case H038858 on that basis.

_____
Grover, J.

**WE CONCUR:**

_____
Premo, Acting P.J.

_____
Mihara, J.

_____

[7] Because we dismiss Mother's challenges to the psychotropic orders as moot, we do not address the Department's additional arguments that Mother lacks standing to challenge the orders, and that substantial evidence supports the juvenile court's authorization of the medications.