[No. B226481. Second Dist., Div. Four. July 20, 2011.]

In re A.C. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Plaintiff and Respondent, v.
MARCELA C., Defendant and Appellant;
W.C., Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for partial publication with the exception of the factual and procedural summary and section I of the Discussion.

COUNSEL

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Andrea Sheridan Ordin, County Counsel, James M. Owens, Assistant County Counsel, and Kim Nemoy, Principal Deputy County Counsel, for Plaintiff and Respondent.

Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

EPSTEIN, P. J.—Mother Marcela C. appeals from orders of the juvenile court terminating dependency jurisdiction and ordering visitation with her minor daughters who had been adjudged dependent minors under Welfare and Institutions Code section 300.[1] In the published portion of this decision, we conclude that the oral visitation order, which conflicts with the form final judgment, is controlling and is not an improper delegation of authority to determine the circumstances of visitation. In the unpublished portion, we affirm the order terminating dependency jurisdiction because the conditions justifying dependency jurisdiction no longer exist.

### FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

Mother also argues the juvenile court improperly delegated visitation to the parents in its exit order. Father argues the issue was not preserved by mother because she failed to challenge the order in the dependency court. The Los

---

[1] All statutory references are to the Welfare and Institutions Code.

*See footnote, *ante,* page 796.

Angeles Department of Children and Family Services takes no position on the issue, but directs our attention to *In re T.H.* (2010) 190 Cal.App.4th 1119 [119 Cal.Rptr.3d 1] (*T.H.*), a case also cited by counsel for father.

"When a juvenile court terminates its jurisdiction over a dependent child, it is empowered to make 'exit orders' regarding custody and visitation. (§§ 364, subd. (c), 362.4; *In re Kenneth S., Jr.* (2008) 169 Cal.App.4th 1353, 1358 [87 Cal.Rptr.3d 715].) Such orders become part of any family court proceeding concerning the same child and will remain in effect until they are terminated or modified by the family court. [Citation.]" (*T.H., supra*, 190 Cal.App.4th at pp. 1122–1123.)

In *T.H.* the juvenile court terminated dependency jurisdiction and issued an exit order allowing supervised visitation by father " 'to be determined by the parents.' " (*T.H., supra*, 190 Cal.App.4th at p. 1122.) The court explained: "The power to determine the right and extent of visitation by a noncustodial parent in a dependency case resides with the court and may not be delegated to nonjudicial officials or private parties. [Citation.] This rule of nondelegation applies to exit orders issued when dependency jurisdiction is terminated. (See *ibid.*; *In re Chantal S.* (1996) 13 Cal.4th 196, 213–214 [51 Cal.Rptr.2d 866, 913 P.2d 1075].)" (*Id.* at p. 1123.) The court in *T.H.* ruled that the order was improper: "This is more than simply a delegation of the authority to set the 'time, place and manner' of the visitation—it effectively delegates to mother the power to determine whether visitation will occur at all." (190 Cal.App.4th at p. 1123.) In *T.H.*, the record demonstrated the inability of the parents to get along, suggesting that any agreement regarding visitation would be difficult to achieve. (*Ibid.*) The Court of Appeal concluded that the juvenile court abused its discretion by framing the visitation order in a way that gave the mother an effective veto power over that right. (*Id.* at p. 1124.)

The circumstances of our case are distinguishable from *T.H.* Here, there is a conflict between the oral order of the court as reflected in the reporter's transcript and the form final judgment. It appears from the minute order and reporter's transcript that the juvenile court in this case intended that the parents agree on the *monitor* to supervise visitation, or if they were unable to do so, the father would choose the monitor. It did not indicate that the parents were to determine visitation. But the final judgment, which was on a printed form approved by the Judicial Council, had a box checked for supervised visitation which stated: "to be determined by the parents," the identical language at issue in *T.H.*

Where there is a conflict between the juvenile court's statements in the reporter's transcript and the recitals in the clerk's transcript, we presume

the reporter's transcript is the more accurate. (*Jennifer T. v. Superior Court* (2007) 159 Cal.App.4th 254, 259 [71 Cal.Rptr.3d 293].) Applying this principle, the court's oral order regarding visitation did not constitute an impermissible delegation of authority to determine whether visitation would occur. On remand, we direct the juvenile court to correct the exit order so it is consistent with the oral order regarding visitation.

## DISPOSITION

The order terminating dependency jurisdiction and the visitation order are affirmed and the matter is remanded for correction of the exit order.

Manella, J., and Suzukawa, J., concurred.