Filed 12/19/13  In re Miguel P. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re MIGUEL P., a Person Coming Under the Juvenile Court Law. | B250621 (Los Angeles County Super. Ct. No. CK99271) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. MIGUEL P., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Rudolph A. Diaz, Judge.  Reversed and remanded with directions.

Julie E. Braden, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel and Peter Ferrera, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minor.

* * * * * *

Appellant Miguel P. (Father) appeals from an order adjudicating the minor Miguel P. a dependent of the court and ordering that he be placed in the home of the Father with restricted contact pending Father's compliance with a disposition case plan. Father maintains that his custody of Miguel should have been evaluated under Welfare and Institutions Code section 361.2, subdivision (a),[1] because he was a noncustodial parent, and the Department agrees. Because the juvenile court declined to place Miguel with Father, but failed to make the statutorily required finding of detriment necessary for such a placement, we reverse the dispositional order as to Miguel and remand the matter with directions to the juvenile court to assess Father's custody of Miguel under section 361.2, subdivision (a).

## FACTUAL AND PROCEDURAL BACKGROUND

Mother Roberta R. (Mother) and Father are the parents of minors Cindy P. and Miguel, and adult Stephanie P.; and Mother and Santiago M. (Stepfather) are the parents of minors Natalie M., Linda M. and Melanie M. The Los Angeles County Department of Children and Family Services (Department) received four referrals between 2000 and 2008—three involving general neglect by Mother and one involving sexual abuse by Stepfather. All were deemed unfounded.

Miguel and his siblings came to the Department's attention again in April 2013 when a referral reported that 17-year-old Cindy was the victim of general neglect and emotional abuse. At that point, Cindy was not residing with Mother and had moved in with Father. Mother denied kicking Cindy out of the house, but conceded that Cindy did not want to live there and the two became involved in a physical altercation when Cindy moved out. In May 2013, the Department received another referral that nine-year-old Natalie had not been turning in homework assignments consistently for several months and recently stated that she did not have time to do homework because Mother made her do housework by threatening to hit her. When interviewed, Natalie reported that she recently observed a violent altercation between Mother and Stepfather, and that

---

[1]    Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

Stepfather later hit Natalie. The social worker observed bruising consistent with having been hit. Seven-year-old Linda confirmed that there had been violent confrontations between Mother and Stepfather, and that Stepfather hit Natalie. Mother admitted to having a fight with Stepfather, but denied it rose to the level of violence described by the children, and denied that Stepfather hit the children. Stepfather likewise minimized the extent of the violence, though he had scratches on his face and neck.

The social worker interviewed Father on May 1, 2013. At that point, Cindy was residing with Father in a one-bedroom apartment, though she spent a significant amount of time with a friend's family. He admitted to having a suspended license due to a child support issue and admitted using cocaine eight years ago but denied any current drug use. A further investigation revealed that between 1996 and 2009 Father suffered several convictions for theft, burglary and automobile theft. In 2009, he was convicted of second degree burglary and received a two-year prison sentence. In 2012, he was convicted of a misdemeanor for driving with a suspended license. On May 3, 2013, Father submitted to a drug test and tested positive for methamphetamines.

The Department filed its initial section 300 petition in May 2013, containing multiple allegations under subdivisions (a), (b) and (j) against Mother and Stepfather. Before it was aware of the results of Father's drug test, the Department recommended that Cindy and Miguel be placed with Father. At the May 6, 2013 detention hearing, the juvenile court detained the children from Mother and Stepfather, and placed Cindy and Miguel with Father.

On May 24, 2013, the Department filed a first amended section 300 petition that added allegations against Mother and Stepfather regarding their failure to obtain appropriate medical care for the children and one allegation against Father under section 300, subdivision (b), alleging that his past and current use of methamphetamines rendered him incapable of providing regular care for the children. Thereafter, the Department reassessed Miguel's safety in Father's home and determined that he should be detained with a maternal aunt. At the May 29, 2013 detention hearing, Father denied

3

the petition's allegations. Also at that hearing, because Cindy had turned 18, the Department dismissed the petition as to her.

In the Department's May 29, 2013 jurisdiction/disposition report, Mother stated that Father used to use drugs, but she was unsure of any current use. Miguel had never seen Father take drugs. The Department recommended that Miguel remain released to Father with family maintenance services. In a subsequent report, Miguel stated that he had not had contact with Father for several years and did not feel bonded with him, but he was comfortable in his maternal aunt's home. Explaining his recent positive drug test, Father reported that he had been drinking at a party and ingested the drugs there. Though he admitted to using drugs as a teenager and using cocaine approximately six or seven years earlier, he denied regular current drug use, adding that as a forklift driver he regularly completes monthly clean drug tests. Father's wife/girlfriend reported that the two had problems approximately one year earlier, resulting in her obtaining a restraining order against Father, but that he had been fine until the recent Department involvement.

On May 31, 2013, the Department submitted an ex parte application seeking removal of Miguel from Father's placement in view of Father's positive drug test, Miguel's lack of desire to reside with him and information concerning the Department's investigation of a referral on behalf of Father's and his wife's/girlfriend's five-year-old son. The juvenile court detained Miguel and removed him from Father's custody as requested by the Department's application.

At the adjudication hearing on June 13, 2013, the juvenile court admitted the Department's prior reports into evidence. The social worker testified she had no evidence Father had used drugs or been under the influence of drugs when Miguel was present; and Miguel did not exhibit any behaviors related to Father's drug use. The social worker opined, however, that Miguel remained at risk from Mother's and Stepfather's domestic violence and Mother's abusive behavior toward his younger siblings.

Father's counsel and Miguel's counsel argued that the allegation against Father should be stricken, particularly considering that the Department permitted Miguel to remain placed with Father after the positive drug test, the Department failed to show any

4

resulting harm to Miguel from the drug use, and Father made an appropriate plan for Miguel with the maternal aunt.

During the course of the hearing, the parties agreed to dismiss the allegations in paragraphs (b)(6), (b)(7), (j)(5) and (j)(6) from the amended petition. The juvenile court sustained the allegations in paragraphs (a)(1) through (a)(5), (b)(1) through (b)(5) and (j)(1) through (j)(4) of the amended petition, and dismissed the allegations in paragraph (b)(8). The juvenile court reasoned that evidence of Father's drug use was limited to a single incident, and it received no evidence of Father's drug history. But then the juvenile court commented there was no risk to Miguel so long as he remained placed with the maternal aunt. In response to the Department's inquiry as to how the court could maintain Miguel's placement absent sustaining any allegation against Father, the juvenile court stated that it could maintain Miguel's placement with the maternal aunt until it was satisfied there was no risk with Father.

Proceeding immediately to disposition, the juvenile court found there was a substantial danger to the children, including Miguel, if returned home and there were no reasonable means to protect them absent removal. The juvenile court ordered all children removed from the custody of the "custodial parents" and directed the "parents" to participate in reunification services. The juvenile court also ordered Father to participate in a drug and alcohol program, parenting classes and individual counseling to address case issues. It also permitted him monitored visitation. Father's counsel and Miguel's counsel objected to the dispositional findings in view of the juvenile court's dismissal of any allegations against Father. Father's counsel argued that absent a detriment finding, Miguel should be ordered placed with Father, who should in turn be permitted to make a suitable plan with the maternal aunt. Thereafter, the juvenile court modified its disposition order to a home of parent order, on the condition that Miguel not reside with Father until he had completed his case plan.[2]

---

[2] The clerk's minute order fails to reflect the juvenile court's oral modification. "Where there is a conflict between the juvenile court's statements in the reporter's

5

Father appealed.

## DISCUSSION

Father contends the juvenile court erred in failing to evaluate Father's custody of Miguel under section 361.2, subdivision (a) because Father was a noncustodial parent. The Department concedes the error.

"Section 361.2 governs placement when the child has a parent 'with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of Section 300.' [Citation.] It directs that before the child may be placed in out-of-home care, the [juvenile] court must first consider placing the child with the noncustodial parent, if that parent requests custody."[3] (*In re Adrianna P.* (2008) 166 Cal.App.4th 44, 55, italics & fn. omitted; accord, *In re John M.* (2006) 141 Cal.App.4th 1564, 1569 [§ 361.2, subd. (a) demonstrates legislative preference for placement with a nonoffending, noncustodial parent].) Under section 361.2, subdivision (a), when the noncustodial parent requests custody, the juvenile court must place the child with that parent unless the placement would be detrimental to the child's safety, protection, or physical or emotional well-being. (*In re A.A.* (2012) 203 Cal.App.4th 597, 605; *In re Marquis D.* (1995) 38 Cal.App.4th 1813, 1821.) The juvenile court must make any finding of detriment by clear and convincing evidence. (*In re John M., supra,* at p. 1569; *In re Luke M.* (2003) 107 Cal.App.4th 1412, 1426.) Section 361.2, subdivision (c) expressly requires that the juvenile court make findings, either in writing or orally on the

---

transcript and the recitals in the clerk's transcript, we presume the reporter's transcript is the more accurate. [Citation.]" (*In re A.C.* (2011) 197 Cal.App.4th 796, 700–800.)

[3]    Section 361.2, subdivision (a) provides: "When a court orders removal of a child pursuant to Section 361, the court shall first determine whether there is a parent of the child, with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of Section 300, who desires to assume custody of the child. If that parent requests custody, the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child."

record, as to the basis for its determination under section 361.2, subdivision (a). (*In re Isayah C.* (2004) 118 Cal.App.4th 684, 701.)

Here, the juvenile court failed to make the requisite findings because it treated Father as a custodial parent, initially making the findings for removal pursuant to section 361 and thereafter for placement at home pursuant to section 364. The evidence was undisputed, however, that Father was not Miguel's custodial parent.[4] Miguel was residing with Mother and Stepfather when he was detained, and the Department placed him with Father for a short time before replacing him with his maternal aunt. At the disposition hearing, Father requested custody of Miguel. Under the statutory scheme, the juvenile court was obligated to consider Father for placement, unless it found such placement would be detrimental to Miguel (§ 361.2, subd. (a)), and to place its findings on the record (§ 361.2, subd. (c)). The juvenile court failed to do so. (See *In re Abram L.* (2013) 219 Cal.App.4th 452, 461 [juvenile court failed to consider requirements of § 361.2 where noncustodial father requested custody and juvenile court did not refer to the statute or its requirements in the minute order or at the hearing denying the request]; see also *In re Marquis D., supra*, 38 Cal.App.4th at pp. 1824–1825 [removal findings under § 361 do not suffice as detriment findings under § 361.2].)

---

[4]  Though section 361.2 is directed to a "noncustodial" parent, some courts have construed the statute to apply only to a nonoffending, noncustodial parent. (E.g., *In re M.C.* (2011) 195 Cal.App.4th 197, 224 ["Under . . . section 361.2, placement of the dependent child with a nonoffending, noncustodial parent must be the juvenile court's firs[t] priority if that parent requests the placement"]; *In re Karla C.* (2010) 186 Cal.App.4th 1236, 1245 [under § 361.2, "[i]f there is no showing of detriment, the court must order the [Department] to temporarily place the child with the nonoffending noncustodial parent"]; but see *In re Nickolas T.* (2013) 217 Cal.App.4th 1492, 1504–1506 [finding a parent need not be both nonoffending and noncustodial to be considered for placement under § 361.2, subd. (a)]; *In re V.F.* (2007) 157 Cal.App.4th 962, 966 ["section 361.2 does not distinguish between an offending and nonoffending parent"], superseded by statute on other grounds, as stated in *In re Adrianna P., supra,* 166 Cal.App.4th at pages 57–58.) In view of the juvenile court's dismissal of paragraph (b)(8) of the petition, Father was a noncustodial parent even under the most restrictive construction of the statute.

7

Father and the Department suggest different remedies for the juvenile court's noncompliance. Father argues that because there was no substantial evidence showing detriment, the matter should be reversed with directions to place Miguel with him. The Department, on the other hand, requests that the matter be remanded to enable the juvenile court to make the requisite findings. We agree that the matter should be remanded for a determination of detriment. Father had a recent positive drug test for methamphetamines and the juvenile court expressed a concern that Miguel remained at some level of risk—albeit not substantial—from placement with Father. Just as courts are "reluctant to imply the court made a finding of detriment based on the evidence presented" under section 361.2, subdivision (a), we are equally reluctant to imply a finding of lack of detriment on this record. (*In re Marquis D., supra,* 38 Cal.App.4th at p. 1825.)

As explained in *In re V.F., supra,* 157 Cal.App.4th at page 973, when the juvenile court fails to make a finding of detriment under section 361.2, subdivision (a), "the better practice is to remand the matter to the trial court where that court has not considered the facts within the appropriate statutory provision. . . . [W]hen the trial court proceeds under section 361.2, subdivision (a), it is required to make a finding of detriment 'in writing or on the record of the basis for its determination under subdivisions (a) and (b).' [Citations.] Section 361.2, subdivision (c) is directed to the juvenile court, and we do not believe making express findings is an appropriate task for a reviewing court. This view comports with the long-standing rule that the reviewing court is not the finder of fact. [Citations.]"

8

## DISPOSITION

The juvenile court's disposition order as to Miguel is reversed with respect to Father and the matter is remanded to the juvenile court with directions to make the findings required by section 361.2, subdivisions (a) and (c).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J. *

FERNS

We concur:

_____, P. J.

BOREN

_____, J.

ASHMANN-GERST

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.