Filed 7/31/14  In re Francisco O. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re FRANCISCO O. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN MATEO COUNTY HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.O.,<br><br>        Defendant and Appellant. | A137184, A139786<br><br>(San Mateo County Super. Ct. Nos. 82394, 82395, 82396, 82397) |

        A.O. (mother) appeals orders adjudicating four of her children dependents of the court and appointing their paternal grandparents as guardians. Mother contests the jurisdictional finding alone. She maintains there is insufficient evidence to support the trial court's findings that her conduct was neglectful and placed the children at substantial risk of harm. (Welf. & Inst. Code, § 300, subd. (b).)[1] We shall affirm the order.

**Statement of Facts and Procedural History**

        Mother is 29 years old and has seven children; two from her first marriage, four from her second marriage, and one from her latest relationship. The two eldest children live with their father and the youngest child is the subject of a separate dependency proceeding. At issue here are the four children from her second marriage who were born between 2005 and 2010.

_____

[1] All further section references are to this code.

1

In April 2012, the children's paternal grandmother filed a petition in probate court seeking guardianship of the children. The grandmother said the children were living with her, as they had for most of their lives, but mother threatened to remove the children. The grandmother asserted that mother was incapable of caring for the children and had, on more than one visit, brought the children back to grandmother's house "dirty, hungry and inappropriately dressed for the weather." Mother opposed the guardianship petition.

The San Mateo County Human Services Agency (agency) investigated the family and, in June 2012, filed a petition alleging that mother's neglect placed the children at substantial risk of harm. (§ 300, subd. (b).) The probate court petition was stayed pending resolution of the dependency proceeding.

In the dependency proceeding, the agency alleged mother has a historical and ongoing drug abuse problem. The agency further alleged that mother exposed her children to domestic violence, was currently homeless and, despite her homelessness, threatened to remove the children from their grandparents' home. "The mother's poor judgment, unstable life conditions, and continued drug abuse place the child[ren] at substantial risk of harm," the agency averred. The children's father was in prison and supported their placement with his parents.

In advance of the detention hearing, the agency filed a report stating that mother has "untreated substance abuse and possible mental health issues." The agency described several prior referrals between 2005 to 2011 concerning mother's neglect, including instances in which she abandoned the children without providing for their care. In 2011, Mother twice tested positive for methamphetamine and was in a methadone program. In May 2012, one month before the dependency petition was filed, mother was hospitalized after cutting her arm with scissors in an apparent suicide attempt. Family members reported mother being under the influence of drugs and alcohol on multiple occasions. Mother, however, denied having "any issues with drugs or alcohol." Mother also denied associating with street gang members despite the fact that the children's father and the father of mother's youngest child have convictions for gang-related crimes.

At the June 2012 detention hearing, the court removed the children from mother's custody and ordered the children to remain in the home of the paternal grandparents pending a jurisdictional hearing. The court ordered supervised visitation and directed mother to submit to drug abuse assessment and to participate in a substance abuse program.

A contested hearing on jurisdiction and disposition was held in October 2012. The agency filed several reports in advance of the hearing, which concluded that the petition should be sustained and the children held from mother's custody. The agency reported that mother was assessed in August 2012 for drug abuse and, at that time, she reported prior use of methamphetamine, cocaine, marijuana and prescription opiates but denied current use. She tested negative for drugs on multiple occasions but missed tests in September and October 2012 and was suspended from the testing program. Mother's visitation with the children also lapsed during this time period. Beginning in late August and through September 2012, mother was late to visits or missed them entirely. The agency initially assessed mother's progress "toward alleviating or mitigating the causes necessitating placement" as "none" but later amended it to "minimal."

Mother did not attend the jurisdiction and disposition hearing, despite receiving notice of it. Mother's attorney could not reach her by telephone and had no explanation for her absence. Mother's attorney requested a continuance, which was opposed by attorneys for the agency and children. The court denied the request. An agency social worker testified that mother has a long history of substance abuse but, on cross-examination, conceded there was no evidence of current use apart from missed drug tests in the prior weeks. The social worker also conceded that mother had "made some efforts" to address her problems by undergoing drug assessment, drug tests and psychological counseling.

The trial court sustained the dependency petition, finding that "mother's poor judgment, unstable life conditions, and continued drug abuse, place the child[ren] at

substantial risk" of harm.[2] The court stated: "Based on her recent missed tests, missed counseling, missed visitation with her children, the court views this as a consistent issue with respect to substance abuse. And these are indications of current substance use, which continue to impact her life." The court assumed custody of the children and continued their placement with their parental grandparents. Family reunification services were adopted, with mother directed to complete substance abuse treatment, parenting classes and mental health counseling. Mother timely filed a notice of appeal. The dependency proceedings continued pending appeal.

A six-month review hearing was held in April 2013. The agency reported that mother moved to New York in October 2012, shortly after the dependency hearing, and said she had no plans to return to California. Mother refused to provide the agency with her address. Mother told an agency social worker that the children should be returned to her in New York but "was not interested in referral to services" there. Mother appeared at the review hearing by telephone from New York. The court set the matter for a permanent plan hearing. (§ 366.26.)

The permanent plan hearing was held in August 2013, by which time mother had returned to California. The agency recommended guardianship by the paternal grandparents. Mother did not oppose guardianship but asked for increased visitation. The court adopted guardianship as the permanent plan and granted mother increased visitation. Mother timely filed a notice of appeal from the permanent plan hearing and the appeal was consolidated with mother's earlier appeal from the jurisdiction hearing.

---

[2] The court orally amended the petition to conform to proof and, as amended, sustained the petition. Mother notes that the petition included in the clerk's transcript contains language slightly different from the oral pronouncement. We use the language from the reporter's transcript, which is presumed correct. (*In re A.C.* (2011) 197 Cal.App.4th 796, 800.)

4

## Discussion

Mother contests the jurisdictional finding alone. She maintains there is insufficient evidence to support the trial court's findings that her conduct was neglectful and placed the children at substantial risk of harm.

" 'In juvenile cases, as in other areas of the law, the power of an appellate court asked to assess the sufficiency of the evidence begins and ends with a determination as to whether or not there is any substantial evidence, whether or not contradicted, which will support the conclusion of the trier of fact. All conflicts must be resolved in favor of the respondent and all legitimate inferences indulged in to uphold the verdict, if possible.' " (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 820.)

The question here is whether substantial evidence supports the finding that the children were, at the time of the hearing, neglected children within the meaning of section 300, subdivision (b). The statutory definition consists of three elements: (1) neglectful conduct by the parent, including "the failure or inability of his or her parent . . . to adequately supervise or protect the child" or "the inability of the parent . . . to provide regular care for the child due to the parent's . . . mental illness, developmental disability, or substance abuse; (2) causation; and (3) "serious physical harm or illness" to the child, or a "substantial risk" of such harm or illness. (§ 300, subd. (b).)

Mother contends the evidence fails to establish her inability to protect the children because she "voluntarily placed the children in [the] care of their paternal grandparents" and, by the time of the jurisdiction hearing, "had no intention of taking the children from the grandparents unless and until she had a stable home and employment." The record does not support mother's suggestion that she, in recognition of an inability to care for the children, chose the paternal grandparents as custodians and placed them in their home for safekeeping. In 2010, mother separated from the children's father and moved away with another man. At that point, the children's father returned to his parents' home with the children and he and the grandparents jointly cared for the children until his incarceration. Mother had some of the children in her custody for short intervals at various times but the grandparents assumed most of the responsibility of caring for the

5

children. Mother repeatedly threatened to remove the children from the grandparents. In April 2012, mother told the agency she wanted "to have all of her children living with her in a couple months." Several months later, mother told the agency she needed to stabilize herself with housing and employment before having the children placed with her but the agency reported that mother "has varied thought processing" and "will agree to participate in service one day and then will state that she does not believe she should engage in services to reunify with her children." From this evidence, the court could conclude that mother failed to adequately supervise or protect the children, placing them at a substantial risk of harm. (§ 300, subd. (b).)

The record also supports the court's finding that the children were at a substantial risk of harm from mother's inability to provide regular care for the children due to substance abuse. (§ 300, subd. (b).) Mother concedes a history of drug abuse but argues "the evidence is insufficient to establish that, at the time of the jurisdictional hearing, she had a *current* problem with drug abuse." (Italics altered.) It is true that mother tested negative for drug use a month before the hearing but it is also true that, following those negative test results, mother refused testing in the weeks before the hearing. During that time, mother also stopped attending counseling sessions and arrived late, or not at all, to scheduled visits with her children. The court found that mother's recent conduct was consistent with a relapse into drug use. The finding was reasonable under the circumstances, which included mother's long history of drug abuse and refusal to seek treatment for it. Substantial evidence supports the trial court's determination that mother's conduct was neglectful and placed the children at substantial risk of harm.

**Disposition**

The orders are affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.