Filed 1/25/16  In re Precious N. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re PRECIOUS N., a Person Coming Under the Juvenile Court Law. | B265933<br>(Los Angeles County<br>Super. Ct. No. CK97726) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ERIC H.,<br><br>　　　　Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Stephen Marpet, Judge.  Reversed and remanded.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

_____

Eric H. (Father) appeals a dependency court exit order that provides for visitation but does not set forth the frequency and duration of Father's visits. Because the dependency court improperly delegated the determination of Father's visitation schedule, reversal is required.

## BACKGROUND

Father's daughter, Precious N., was born in 2001. In February 2014, the dependency court sustained a Welfare and Institutions Code section 300[1] petition alleging Father physically abused Precious and engaged in a violent physical altercation with Precious's mother, Peace N. (Mother). Precious was ordered a dependent of the court, was removed from Father's custody, and was placed in the custody of Mother. Father was granted monitored visitation and provided with reunification services. In January 2015, this court affirmed the dependency's courts jurisdictional and dispositional orders. (*In re Precious N.* (Jan. 29, 2015, B255648) [nonpub. opn.].)

During visits in spring 2014, Precious wore headphones, played on a tablet computer, and ignored Father. Father, on the other hand, appeared to generally act appropriately. Precious told a Department of Children and Family Services (DCFS) social worker that she did not want to attend visits with Father, but the social worker reminded her that the visits were court ordered. When asked what Father could do to improve their relationship, Precious responded that if Father apologized, it would be a "game changer." Father stated he would apologize, but at later visits Precious did not talk to Father, and Father did not apologize. The visits eventually stopped because the volunteer monitor did not want to continue since Precious was not participating.

The social worker attempted to find a therapist to provide conjoint counseling for Precious and Father, but various therapists refused to provide the counseling because the case involved domestic violence. Father claimed to be enrolled in a parenting class and individual therapy, but these claims could not be verified.

---

[1]     Unless otherwise noted, all further statutory references are to the Welfare and Institutions Code.

2

In August 2014, the social worker reported that both Mother and Father wanted the dependency court to terminate jurisdiction with a family law order giving Mother physical custody of Precious and monitored visits for Father. The dependency court instead continued services for another six months and ordered DCFS to set up conjoint therapy for Precious and Father.

At the August 2014 hearing, counsel for DCFS noted that DCFS would need to monitor visits if another monitor was not available, but Father's counsel stated that Father could not attend visits when DCFS staff was available due to his work schedule. At the next hearing, in February 2015, the dependency court stated that DCFS should try to set up monitored visits between Precious and Father, but DCFS's counsel indicated that Father was not returning calls from DCFS. Father's counsel stated she had also been unsuccessful when trying to reach Father.

In an April 2015 DCFS report, the social worker noted that Father had recently had no contact with Precious or DCFS. In addition, Father had not contacted a court-appointed Evidence Code section 730 evaluator to participate in court-ordered conjoint counseling with Precious. During individual sessions with the evaluator, Precious stated that Father had been abusive her whole life and that she was "half-scared" to see him. Precious indicated to the evaluator that she was ready to work on rebuilding her relationship with Father, but she told the DCFS social worker that she wanted to remain with Mother and did not want to visit Father. DCFS recommended that the dependency court terminate jurisdiction with a family law order giving Mother sole physical custody and joint legal custody with Father, and that Father receive monitored visits with Precious.

The final review hearing was held on April 13, 2015. Father's counsel stated that Father checked in with the dependency court that morning, but that counsel and the bailiff were unable to locate him afterward. The dependency court found that the issues that brought the matter to the court were resolved, and that Father failed to comply with the Evidence Code section 730 evaluation. Mother's counsel asked that Father not have visits with Precious until he participated in conjoint therapy, at his expense. Precious's

3

counsel noted that Father failed to visit with Precious for many months and said that Precious did not want visits with Father. Father's counsel simply stated that she had no direction from Father. The dependency court ordered that Father's visits take place in a therapeutic setting, and the court terminated jurisdiction over Precious.

The next day, the dependency court signed and filed the final custody order. The order provided for Father to have supervised visitation with Precious in a therapeutic setting, to be paid for by Father, according to a schedule to be determined by Father and Mother.

Father timely appealed.

## DISCUSSION

When terminating jurisdiction over a dependent child, the dependency court may make an "exit order," which is filed in the family court and sets out custody and visitation rights. (§ 362.4; *In re T.H.* (2010) 190 Cal.App.4th 1119, 1122-1123.) The order becomes part of the family law proceeding and remains in effect until terminated or modified by the family court. (*In re T.H.*, at p. 1123.)

The dependency court's power to determine the right to and frequency of visitation may not be delegated to a third party. (*In re T.H.*, *supra*, 190 Cal.App.4th 1119, 1123; *In re E.T.* (2013) 217 Cal.App.4th 426, 439.) The court may delegate responsibility for managing details of visits, such as the time, place, and manner, but may not assign the question of whether visitation will occur. (*In re T.H.*, at p. 1123; *In re E.T.*, at p. 439.)

Courts have consistently held that exit orders allowing a third party to determine whether visitation will occur are improper. (See, e.g., *In re T.H.*, *supra*, 190 Cal.App.4th 1119, 1123; *In re E.T.*, *supra*, 217 Cal.App.4th 426, 439; *In re A.C.* (2011) 197 Cal.App.4th 796, 799; *In re S.H.* (2003) 111 Cal.App.4th 310, 318-319.) In *In re T.H.*, the dependency court issued an exit order allowing visitation by the father "'to be determined by the parents.'" (190 Cal.App.4th at p. 1122.) The appellate court found the order improper because "it effectively delegates to mother the power to determine whether visitation will occur at all." (*Id.* at p. 1123.) In *In re E.T.,* an order allowing

4

DCFS to create a visitation schedule was reversed because it gave no indication how often visits would happen, thereby effectively giving DCFS the discretion to decide whether visitation would actually occur. (217 Cal.App.4th at p. 439.) And in *In re S.H.*, the dependency court's order delegating the visitation decision to the children was improper, as the children's ability to refuse visits gave them the "practical ability to forestall any visits at all." (111 Cal.App.4th at pp. 318-319.)

The dependency court's order here suffers from a similarly improper delegation of authority because, by conditioning visitation on the ability of Mother and Father to agree to a schedule, the dependency court has left open the possibility that Mother may not agree to visitation at all. On appeal, DCFS argues that Mother has not indicated an intent to prevent Father from visiting Precious, so the order is not likely to hinder visitation. But the possibility that Mother may allow visitation does not change the fact that the dependency court did not meet its obligation to set forth the frequency of visitation. And without a court order, the visitation schedule is entirely unclear. The record demonstrates that Mother and Father have had a contentious relationship. Mother's willingness to allow consistent (if any) visitation is unknown. Furthermore, Precious has expressed a desire not to visit Father. Without a court order requiring visitation, it is possible that no visitation will occur, or that it will only occur so infrequently as to be essentially meaningless.

DCFS's further argument that Father forfeited the right to challenge the dependency court's order fails. Prior to the final hearing, DCFS recommended that Mother be given sole physical custody of Precious and that Father be provided with monitored visits. At the hearing, the dependency court simply stated that Father was to have monitored visits in a therapeutic setting. The court did not state that the visitation schedule would be determined by Mother and Father. It was not until the day after the hearing that the dependency court signed and filed the order giving Mother and Father the authority to agree on visitation. Because the dependency court did not make an improper delegation of authority at the hearing itself, Father's counsel had no reason to object, and Father's challenge cannot be considered forfeited.

5

Finally, DCFS is incorrect in its insistence that any error was harmless. In support of its position, DCFS relies on *In re Chantal S.* (1996) 13 Cal.4th 196. In *In re Chantal S.*, the dependency court entered an order stating that visitation would begin when the father's chosen therapist determined the father made "'satisfactory progress for a time.'" (*Id.* at p. 213.) The Supreme Court upheld the order, finding that the dependency court concluded that to protect the child, visitation should not begin until the father made sufficient progress in therapy. (*Ibid.*) The Supreme Court noted that the dependency court could have denied the father visitation entirely. (*Id.* at p. 214.) "The fact that the juvenile court rejected that course, and instead issued the restrictive order challenged now, amounts to a windfall to father, not a violation of his rights." (*Ibid.*)

The posture of this case is not similar. The order in *In re Chantal* was essentially a denial of visitation, only providing for the possibility of visitation if a therapist later determined the father could appropriately visit. In this matter, the dependency court did not find that visitation was potentially inappropriate and did not condition visitation on a therapist's evaluation. Instead—even though Father was effectively absent for much of the dependency proceedings and made little effort to repair his relationship with Precious—the dependency court clearly intended that Father have visitation rights. By giving Mother the ability to prevent visitation, however, the court improperly delegated its authority. Therefore, the matter must be remanded so that the dependency court may specify the frequency and duration of Father's visits.

## DISPOSITION

The April 14, 2015, visitation order is reversed and the case is remanded with directions to specify the frequency and duration of Father's visits.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                                    BOREN, P.J.

We concur:


ASHMANN-GERST, J.          CHAVEZ, J.

6