Filed 10/18/21  In re M.J. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re M.J., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B311428 (Super. Ct. No. J072332) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>T.H.,<br><br>  Defendant and Appellant. | |

T.H. (mother) appeals the juvenile court's visitation orders, commonly known as "exit orders," entered upon the dismissal of her daughter M.J.'s dependency proceeding.  (See Welf. & Inst. Code, § 362.4.)[1]  The court granted sole legal and physical custody

---

[1] All statutory references are to the Welfare and Institutions Code.

of the 14-year-old to her father, S.J., but ordered that "mother shall have unsupervised visitation with [M.J.] at a minimum of 2 times per week for 2-3 hours each visit. Days can vary and will be contingent [upon M.J.'s] schedule. The father . . . has discretion to allow for more days, hours, and overnight visits."

Mother contends that the evidence supported an order for more weekly unsupervised visits and that granting father discretion to allow more visits was an unlawful delegation of the juvenile court's authority. We conclude mother forfeited these arguments by failing to raise them in the juvenile court. In any event, the minimum weekly visitation order is supported by the evidence and the order allowing father to permit additional visitation is not unlawful since he only has the authority to *increase* the visitation ordered by the court, not to eliminate it altogether. (See *In re T.H.* (2010) 190 Cal.App.4th 1119, 1123; *In re A.C.* (2011) 197 Cal.App.4th 796, 800.) We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

As we explained in our earlier opinion, "[t]his dependency proceeding involves a mother who became convinced her daughter, M.J. . . . was seriously ill even though she has only minor health issues. After M.J.'s doctors expressed concern about the number of unwarranted medical appointments and resultant school absences, Ventura County Human Services Agency (HSA) filed a petition under . . . section 300, subdivision (b)(1) seeking to declare M.J. a dependent of the juvenile court and to place her in her father's sole custody. Mother and father previously had joint custody." (*In re M.J.* (Dec. 23, 2020, B305763) [nonpub. opn.].)

"Following a dispositional evidentiary hearing, the juvenile court sustained the petition, finding that M.J. . . . was at a substantial risk of serious physical harm or illness because of

2

mother's failure or inability to provide appropriate care and support, and that mother has mental health issues that periodically interfere with her ability to provide adequate care and supervision. . . . [¶] The juvenile court extended father's exclusive custody of M.J. and ordered mother's visitation to be supervised. It did give HSA discretion to liberalize mother's visitation to monitored or unsupervised." (*In re M.J.*, *supra*, B305763.)

Mother appealed the dispositional orders, arguing they were not supported by substantial evidence. We affirmed, noting that "mother does not believe she has done anything wrong" and that there was "a risk, based on her history, that she 'won't be able to stop herself from seeing something that's not there.'" (*In re M.J.*, *supra*, B305763.)

Since that time, mother's fixation on M.J.'s health and her paranoid thinking have not significantly changed. Mother also has been unwilling to participate in recommended services, including counseling. Following a contested trial, the juvenile court adopted HSA's proposal to maintain mother's twice weekly unsupervised visitation with M.J. and to allow father discretion to offer her additional visits.

DISCUSSION

Mother does not contest the juvenile court's order granting full legal and physical custody to father, which was the primary focus of the trial. She appeals the visitation orders. The parties' counsel did not specifically address those orders during their closing arguments, and neither mother nor her attorney objected to the language of the orders. Even if a general objection could be inferred from the record, there was no assertion that the court unlawfully delegated the its visitation authority to father.

3

A party generally forfeits the right to claim error as grounds for reversal on appeal when he or she fails to object in the trial court. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221-222.) Principles of forfeiture apply in dependency litigation and preclude a party from "standing by silently" until the conclusion of the proceedings. (*Id.* at p. 222.) "[An] appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded by statute on another ground as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 962.) That discretion must be exercised "with special care" in dependency proceedings because they involve considerations of permanency and stability of children, which are issues of "paramount importance." *(In re S.B.* at p. 1293*.)*

In *Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, the Court of Appeal concluded the parent had forfeited a challenge to the unlawful delegation of visitation authority to a parole officer by failing to raise it at trial. (*Id.* at pp. 685-686; see *In re Valerie A.* (2007) 152 Cal.App.4th 987, 1001 [parent forfeited challenge to frequency of visitation by not objecting to visitation schedule].) We reach the same conclusion here. As in *Kevin R.*, any issue regarding the juvenile court's purported unlawful delegation of visitation authority should have been raised in that court in the first instance. (*Kevin R.,* at pp. 685-686.) Mother was advised of HSA's visitation recommendation and should have been prepared to oppose it if she did not agree.

Forfeiture aside, mother has not demonstrated that the juvenile court's visitation order constituted an abuse of discretion. (See *In re R.R.* (2010) 187 Cal.App.4th 1264, 1284 ["We review an order setting visitation for abuse of discretion"].) As a general rule, the juvenile court may not delegate to

4

nonjudicial officials or private persons its power to determine the right and extent of visitation. (*In re T.H.*, *supra*, 190 Cal.App.4th at p. 1123.) Contrary to mother's assertions on appeal, this case is not analogous to *In re T.H.* The juvenile court in that case improperly delegated to mother the discretion to allow, or not allow, visitation by issuing an exit order giving father supervised visitation "'to be determined by the parents'" upon agreement. (*Id.* at pp. 1121, 1123.) The Court of Appeal noted the visitation order was "more than simply a delegation of the authority to set the 'time, place and manner' of the visitation — it effectively delegate[d] to mother the power to determine whether visitation will occur at all." (*Id.* at p. 1123.) The court remanded the matter for the juvenile court to "exercise its discretion in formulating an order that establishes, *at the very least*, the amount of visitation to which father *is entitled.*" (*Id.* at p. 1124, italics added.)

In contrast, the juvenile court in this case clarified the amount of visitation to which mother is entitled. It ordered unsupervised visits of at least two times per week for 2 to 3 hours. It did not, as in *In re T.H.*, delegate the allowance of visitation to father as the custodial parent. Given the specification of *at least* two unsupervised visits per week, the provision allowing father to authorize more visits is not tantamount to an improper delegation of the visitation orders. (See *In re T.H.*, *supra*, 190 Cal.App.4th at pp. 1121, 1123.)

Nor are we persuaded by mother's argument that the juvenile court abused its discretion by failing to order more than the two weekly unsupervised visits. The court recognized that M.J. is very close to her mother and wishes to spend more time with her, but it took a "wait and see" approach given the circumstances that led to the dependency and mother's lack of

progress in her case plan. The court explained: "So the issue is really whether Mother should have any kind of ability to exercise more authority and control over [M.J.] And I don't believe that she's demonstrated enough progress in this case to support that because I . . . strongly believe we would be close to where we started when this case began if I were to give her that kind of authority and control."

The juvenile court also found that father "seems completely capable of making the appropriate decisions. He's not cutting Mom off. He's willing to listen, but ultimately the decision is his. And . . . I think that's in [M.J.'s] best interest right now." Under the circumstances, mother has not demonstrated an abuse of judicial discretion.

DISPOSITION

The visitation orders are affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

6

Tari L. Cody, Judge
Superior Court County of Ventura

_____


Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

Tiffany N. North, County Counsel, and Joseph J. Randazzo, Assistant County Counsel, for Plaintiff and Respondent.