Filed 2/6/26  In re Ai.T. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re Ai.T., et al., Persons Coming Under the Juvenile Court Law. | B347104 |
| _____ | Los Angeles County |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Super. Ct. No. 19CCJP04492A-B |
| Plaintiff and Respondent, | |
| v. | |
| D.G., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen C. Marpet, Commissioner.  Affirmed and remanded with instructions.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

_____

The juvenile court terminated jurisdiction over daughters Ai.T. and Am.T.  The juvenile court ordered D.G., the mother, to have monitored visits twice a month for two hours and biweekly calls the weeks in which she does not have a visit.  The JV-320 form memorializing the court's order did not reflect these specifics.  The mother asks us to order the juvenile court to revise the order.  We affirm and remand for the juvenile court to do so.

The Department argues the appeal should be dismissed because the juvenile court did not err.  We have the authority to order the juvenile court to fix errors in its written orders.  (*In re Z.H.* (2024) 107 Cal.App.5th 1014, 1026–1027 [affirming and remanding with instructions for court to conform judgment to court's statements during hearing].)

The Department further argues the mother waived this request by failing to raise it at the hearing.  While it would have been more efficient to have done so, the normal considerations, such as prejudice to the opposing party or the ability of the court to consider the issue, are not weighty in these circumstances.  The Department was well aware of the court's order and had every opportunity to oppose it.  Conforming the order to ensure the court's intended visitation schedule can be enforced serves the interests of justice.

In general, we presume a judge's oral pronouncement prevails over the written order.  (*In re A.C.* (2011) 197 Cal.App.4th 796, 799–800.)  Here, there is no reason to depart from this general rule.  (*People v. Smith* (1983) 33 Cal.3d 596, 599

[whether presumption applies depends on particular facts of case].)

## DISPOSITION

We affirm and remand for the juvenile court to conform its order on form JV-320 to its oral pronouncement that the mother shall have monitored visits for two hours twice a month and biweekly calls the weeks in which she does not have a visit.


WILEY, J.


We concur:


STRATTON, P. J.


VIRAMONTES, J.

3