Filed 2/17/26  In re S.G. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SIX

| | |
|---|---|
| In re S.G., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B348151 (Super. Ct. No. 22JV00327) (Santa Barbara County) |
| SANTA BARBARA COUNTY CHILD PROTECTIVE SERVICES,<br><br>Petitioner and Respondent,<br><br>v.<br><br>D.G.,<br><br>Objector and Appellant. | |

D.G. (Mother), the biological mother of 12-year-old S.G., appeals the June 5, 2025 order of the juvenile court finalizing the long term guardianship of S.G. and ordering that D.G. would have visitation with S.G. at the discretion of the legal

guardian. (Welf. & Inst. Code, § 366.26.)[1] D.G. contends the order improperly delegates authority over visitation to the legal guardian. Respondent concedes the matter should be remanded to the juvenile court because the written order is inconsistent with the court's oral pronouncement at the section 366.26 hearing and, as written, improperly delegates authority to the legal guardian. (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1124.)

We agree that the June 5, 2025 order impermissibly delegates full discretion over visitation to the legal guardian. It also appears that the juvenile court has not yet determined whether it has jurisdiction over S.G. under the Uniform Child Custody Jurisdiction and Enforcement Act, as we directed in the prior appeal in this matter. (Fam. Code, § 3400 et seq., (UCCJEA); *In re Z.G. and S.G.* (Nov. 25, 2025, B345003) [nonpub. opn.].) For those reasons, we conditionally reverse the June 5, 2025 order and remand the matter to permit the juvenile court to determine whether it has jurisdiction under the UCCJEA as directed by our November 25, 2025 opinion. If on remand the juvenile court determines that it has jurisdiction, it shall correct the June 5, 2025 order to conform with the Department's recommendation and with the court's oral pronouncement at the June 5, 2025 hearing. If the juvenile court determines that it lacks jurisdiction over S.G., it shall nullify the June 5, 2025 order and proceed as required by the UCCJEA.

*Facts and Procedural History*

In an unpublished opinion, we conditionally reversed the juvenile court's order terminating family reunification services with respect to S.G., to permit the court to comply with

---

[1] All statutory references are to the Welfare & Institutions Code, unless otherwise stated.

the UCCJEA. (*In re Z.G. and S.G., supra,* B345003.) We also affirmed an order denying Mother's request under section 388 to change the order terminating reunification services.

On June 5, 2025, while the prior appeal was pending, the juvenile court entered an order finalizing the long term guardianship of S.G. and terminating the dependency. In a report prepared for that hearing, the Department recommended that D.G. have supervised telephone visits with S.G. The report explained that a Criminal Protective Order had been filed after D.G. attempted to burglarize the legal guardian's home and kidnap S.G. The protective order had been modified to allow for phone calls between D.G. and S.G. The Department recommended that D.G. be granted limited phone visits with S.G. It further specified, "Should [S.G. and her older brother] request phone visitation with [D.G.], and [D.G.] agrees to the visitation, [D.G.] may receive a minimum of two hours supervised telephone visitation with the children per month. If the children refuse to visit with [D.G.], they will be encouraged, but will not be forced to participate in the visitation. It is [D.G.'s] responsibility to arrange visitation with the legal guardian. Supervision for the telephone visit is at the discretion of the legal guardian."

At the June 5 hearing, the juvenile court stated it would "adopt the recommended findings and orders." Its written order, however, stated only that visitation between D.G. and S.G. is "At the Legal Guardian's discretion."

*Discussion*

When a dependency case is terminated, the juvenile court is authorized to enter an order regarding ongoing visitation. (§§ 362.4, 364, subd. (c).) "The power to determine the right and extent of visitation by a noncustodial parent in a dependency case

3

resides with the court and may not be delegated to nonjudicial officials or private parties." (*In re T.H., supra,* 190 Cal.App.4th at p. 1123.) A visitation order may delegate to a third party responsibility for managing the details of visitation, such as the time, place and manner of visits. However, "'the ultimate supervision and control over this discretion must remain with the court . . . .'" (*Ibid.*, quoting *In re Julie M.* (1999) 69 Cal.App.4th 41, 51.)

Here, the Department recommended that minimum standards for visitation by phone be established and that supervision of those calls be left to the discretion of the legal guardian. At the selection and implementation hearing, the juvenile court stated that it would adopt the Department's recommendation. Its written visitation order, however, delegates to the legal guardian all of the responsibility for determining whether any visitation occurs. As a result, the written order impermissibly delegates full discretion over visitation to the legal guardian. (*In re T.H., supra,* 190 Cal.App.4th at p. 1123.)

Where, as here, "there is a conflict between the juvenile court's statements in the reporter's transcript and the recitals in the clerk's transcript, we presume the reporter's transcript is the more accurate." (*In re A.C.* (2011) 197 Cal.App.4th 796, 799-800.) Accordingly, we presume the juvenile court intended to enter a visitation order that conforms with the Department's recommendation. On remand, if the juvenile court determines that it has jurisdiction over S.G., it is directed to correct the written June 5, 2025 order to conform with the Department's recommendation and with its statements at the hearing.

4

In the prior appeal, we held that the juvenile court had erred because it did not comply with the UCCJEA by inquiring whether Washington state had a basis for, or interest in, exercising jurisdiction over S.G. and her siblings.  For that reason, we conditionally reversed the orders terminating family reunification services and denying D.G.'s section 388 request to change that court order.  We directed the juvenile court to determine whether it has jurisdiction under the UCCJEA.  We instructed the juvenile court to reinstate its orders if it determines that it has jurisdiction over S.G. and her siblings.  Alternatively, if the juvenile court determines that it does not have jurisdiction, we instructed it to nullify its orders as necessary and to proceed as required by the UCCJEA.  Because the juvenile court does not appear to have decided the jurisdictional issue, we note that it should follow the same procedure with respect to the June 5, 2025 order.

*Disposition*

The June 5, 2025 order is conditionally reversed and the matter is remanded to permit the juvenile court to determine whether it has jurisdiction over S.G. under the UCCJEA, as directed by our November 25, 2025 opinion.  If the juvenile court determines that it has jurisdiction, it shall correct the June 5, 2025 order to conform with the Department's recommendation and the court's oral pronouncement at the June 5, 2025 hearing.  If the juvenile court determines that it lacks jurisdiction over S.G., it shall nullify the June 5, 2025 order and proceed as required by the UCCJEA.

5

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

Gustavo E. Lavayen, Judge

Superior Court County of Santa Barbara

_____

Jill Smith, under appointment by the Court of Appeal, for Objector and Appellant.

Rachel Van Mullem, County Counsel, Lisa A. Rothstein, Snr. Deputy, for Petitioner and Respondent.