Filed 4/8/26  In re G.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re G.M. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E087282 |
| Plaintiff and Respondent, | (Super.Ct.No. DPRI2300216) |
| v. | OPINION |
| R.M., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Walter H. Kubelun, Judge.  Reversed and remanded with directions.

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Jamila T. Purnell, and Julie Jarvi, Deputy County Counsel, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

R.M. (Father) appeals from the juvenile court's order summarily denying his Welfare and Institutions Code[1] section 388 petition seeking to enforce the court's visitation order. On appeal, Father contends the juvenile court erred in not addressing his section 388 petition because the court believed it had no jurisdiction to hear the matter. We agree, and reverse and remand the matter.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2025, the juvenile court terminated dependency proceedings and ordered a guardianship with the paternal grandmother over Father's children, G.M. and L.M. When the court terminated dependency jurisdiction, the court ordered Father to continue to have visitation with his children, and that visitation would be arranged by the legal guardian.

On October 27, 2025, Father filed section 388 petitions as to his two children. He checked the box stating, "I am asking the court to terminate its jurisdiction." Father noted that on October 15, 2025, the court denied his prior JV-180, Request to Change Court Order, motion and "stated that 'visitation is arranged with the legal guardian.' " He explained that the order should be changed because the legal guardian "has refused to arrange any visitation, effectively preventing all contact with my children despite the

---

[1] All future statutory references are to the Welfare and Institutions Code unless otherwise indicated, and all rule references are to the California Rules of Court.

2

court's prior acknowledgment of my right to visitation." In response to the query on the form, "what has happened since that order," Father stated: "The guardian has refused to arrange any visitation or communication for over 8 months despite the court recognizing my right to see my children. The Civil Rights Department confirmed false reports labeling me 'dangerous.' The federal court has also acknowledged misconduct tied to this case. These are new facts showing the need to move visitation to Family Court under WIC §362. 4." Father sought to "[t]erminate dependency jurisdiction and issue Family Law custody and visitation orders under [section] 362.4. Order therapeutic visitation and family reunification counseling for both parties under Family Code [sections] 3190-3192. Transfer the case to Family Court for ongoing enforcement." As to best interest of the children, Father alleged that the change in court order would restore the children's "right to have a relationship with both parents, prevents further emotional harm from separation, and provides professional therapeutic support to rebuild trust and stability." In support, Father filed a declaration with legal authority. Besides the above, in relevant part, Father declared that since the court's October 15, 2025, ruling, he had not seen or spoken to his two children and that the legal guardian, his mother, "has refused all communication, concealed their location, and isolated them completely." He also attested that "County agencies refuse to intervene, stating only that 'the case is closed.' The result is that my parental rights have been frozen through administrative inaction and judicial silence, contrary to the Fourteenth Amendment and the stated purpose of California dependency law—to protect and reunify families, not dissolve them. [¶] Accordingly, I respectfully

3

request that this Court issue the required [section] 362. 4 'exit order' and transfer jurisdiction to the Family Law Division for custody and visitation enforcement."

On October 29, 2025, the juvenile court summarily denied the section 388 petitions. When denying the petitions, the court checked the box stating "the request does not state new evidence or a change of circumstances." The court also checked the box "Other" and wrote, "This case is now closed as to the juvenile court as children are in legal guardianship. Family law orders are provided by family law court." Father timely appealed.

III.

DISCUSSION

The sole issue for this appeal is whether the juvenile court had jurisdiction to grant Father's section 388 petitions when ordering guardianship and terminating dependency jurisdiction, in which case it should have considered the petitions on its merits. The issue is a legal question subject to our de novo review. (*Guardianship of Ariana K.* (2004) 120 Cal.App.4th 690, 701; see *In re Priscilla D.* (2015) 234 Cal.App.4th 1207, 1215 (*Priscilla D.*) [where juvenile court erred in deciding that it lacked authority under section 388 to terminate legal guardianship, its error of law constituted an abuse of discretion].)

*Priscilla D.* states the relevant rules. After denying the mother reunification services due to her 30-year history of substance abuse, the juvenile court in *Priscilla D.* ordered the children into a legal guardianship with the maternal uncle and aunt and

4

terminated its dependency jurisdiction.  (*Priscilla D.*, *supra*, 234 Cal.App.4th at pp. 1210-1211.)  Almost three years later, the mother filed a section 388 petition.  She asserted she had successfully completed substance abuse treatment and asked the juvenile court to change its guardianship order.  (*Id.* at pp. 1211-1212.)  The juvenile court initially reinstated its dependency jurisdiction to hold a hearing, but later reversed itself, reasoning that section 388 did not authorize it "to reinstate jurisdiction to review the status of the [kinship] guardianship."  (*Id.* at pp. 1211, 1214-1215.)  The juvenile court thus denied the petition.  (*Id.* at p. 1215.)  The Court of Appeal reversed.

Although guardianship is a more stable solution than foster care, the *Priscilla D.* court explained that "it is not irrevocable" and "[c]ontinuity in a legal guardianship is not equivalent to the security and stability of a permanent caretaker."  (*Priscilla D.*, *supra*, 234 Cal.App.4th at pp. 1215-1216.)  Thus, when a relative of a dependent child is appointed legal guardian, the juvenile court "dismisses its [dependency] jurisdiction under section 366.3 in recognition of the fact that the kinship guardianship is a permanent plan for the child and there is no need for ongoing scheduled court and social services supervision of the placement.  [Citations.]  However, the juvenile court *still maintains jurisdiction over the child as a ward of the legal guardianship and can vacate its order dismissing its dependency jurisdiction*."  (*Id.* at p. 1216, citing §§ 366.3, subds. (a) & (b), 366.4, italics added.)[2]

---

[2]  Section 366.3 provides in relevant part:  "Following establishment of a legal guardianship, the court may continue jurisdiction over the child as a dependent child of the juvenile court or may terminate its dependency jurisdiction and retain jurisdiction

*[footnote continued on next page]*

As for the juvenile court's authority to modify or terminate the legal guardianship, the *Priscilla D.* court explained that " '[a] parent has the continuing right to petition the [juvenile] court for a modification of any of its orders based upon changed circumstances or new evidence pursuant to section 388.' [Citation.] This includes the right to petition the court to terminate guardianship." (*Priscilla D.*, *supra*, 234 Cal.App.4th at p. 1216, quoting *In re Marilyn H.* (1993) 5 Cal.4th 295, 308-309.) Having reinstated its dependency jurisdiction as contemplated by section 366.3, the juvenile court had authority to act on the mother's petition to terminate the guardianship under section 388. (*Priscilla D.*, at p. 1216.) Hence, the *Priscilla D.* court reversed the order denying the mother's section 388 petition and directed the juvenile court to conduct a new hearing to consider the petition on its merits. (*Id.* at p. 1219.)

The *Priscilla D.* court's holding is pertinent to this case. According to the record, the juvenile court here, like the juvenile court in *Priscilla D.*, terminated its dependency jurisdiction after establishing a kinship guardianship with the children's paternal grandmother. But the juvenile court "maintain[ed] jurisdiction over the child[ren] as . . . ward[s] of the legal guardianship" under section 366.3, subdivision (a), and it had

---

over the child as a ward of the legal guardianship as authorized by Section 366.4. If, however, a relative of the child is appointed the legal guardian of the child and the child has been placed with the relative for at least six months, the court shall, except if the relative guardian objects, or upon a finding of exceptional circumstances, terminate its dependency jurisdiction and retain jurisdiction over the child as a ward of the guardianship, as authorized by Section 366.4." (§ 366.3, subd. (a).) Section 366.4, subdivision (a) states that "[a]ny minor . . . for whom a related guardianship has been established pursuant to Section 360 . . . is within the jurisdiction of the juvenile court." For termination of a relative guardianship, section 360 provides, "Sections 366.4 and 388 shall apply to this order of guardianship." (§ 360, subd. (a).)

authority to reinstate its dependency jurisdiction to act upon any motion or petition to modify its orders.  (*Priscilla D.*, *supra*, 234 Cal.App.4th at p. 1216.)  This includes the authority to act upon Father's petitions to reinstate dependency jurisdiction to act upon a petition to modify its visitation order under section 388, which permits "[a]ny parent or other person having an interest in a child who is a dependent child of the juvenile court [to] . . . upon grounds of change of circumstance or new evidence, petition the court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court."  (§ 388, subd. (a)(1).)  In summarily denying Father's section 388 petitions without considering its merits, the juvenile court erred.  (See *Priscilla D.*, at p. 1218; see also *In re Jeremy W.* (1992) 3 Cal.App.4th 1407, 1413-1414.)

Riverside County Department of Public Social Services (DPSS) argues that the juvenile court did not abuse its discretion in denying Father's section 388 petitions and that "[n]owhere in the record is there evidence to show that the [juvenile] [c]ourt believed it had no jurisdiction over the guardianship."  DPSS believes the juvenile court addressed the section 388 petition's merits and denied them.

Although the juvenile court checked the form box noting the section 388 petitions stated no new evidence or a change of circumstances, the court also denied the petitions because the case "is now closed *as to the juvenile court* as children are in legal guardianship" and "Family Law orders are provided by Family Law Court."  These written findings suggest the court believed it had no jurisdiction to reinstate its

7

dependency jurisdiction to act upon any motion or petition to modify its visitation order under section 388.

While acknowledging that he did not raise the issue in his opening brief or object to the visitation order in the juvenile court as an improper visitation order when it was first issued, in his reply brief, Father argues the juvenile court erred in delegating whether visitation should occur to the legal guardian and requests that on remand the juvenile court should make an appropriate exit order regarding visitation. Father believes that because the facts are undisputed and raise a question of law, we should exercise our discretion to consider its merits. Father, however, did not appeal from this issue and may raise it on remand. We will nonetheless address it to provide guidance.

"[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so they may be corrected." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293 (*S.B.*); accord, *In re Malik T.* (2022) 73 Cal.App.5th 1109, 1127.) "[A]pplication of the forfeiture rule is not automatic. [Citations.] But the appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue." (*S.B.*, at p. 1293; see *In re Anthony Q.* (2016) 5 Cal.App.5th 336, 345 ["Although the forfeiture doctrine applies in dependency cases . . . [citations], when the appeal involves an important and purely legal issue subject to our independent review, as it does here, we have discretion to entertain

8

the challenge to the juvenile court's order notwithstanding the parent's failure to object on that basis in the juvenile court."].)

We agree with Father that the legal question whether the juvenile court may delegate to the legal guardian the authority to determine the amount of Father's visitation is significant because it will impact whether his children have any in-person visitation with Father, and further, ambiguity in the order could result in unnecessary conflict between Father and the legal guardian over visitation. We therefore exercise our discretion to consider the merits of Father's contention despite his failure below to object to the juvenile court's visitation order. (See *S.B.*, *supra*, 32 Cal.4th at p. 1294 [Court of Appeal "did not abuse its discretion in entertaining the mother's challenge to the visitation order notwithstanding her failure to object to it in the juvenile court" where determination of the validity of the juvenile court's delegation of authority to the legal guardians to determine allowable visitation "would add certainty and stability to child's visitation"]; *In re Anthony Q.*, *supra*, 5 Cal.App.5th at p. 345 [Court of Appeal exercised discretion to address merits of the father's appeal of removal order "notwithstanding the parent's failure to object on that basis in the juvenile court"]; but see *In re P.L.* (2024) 100 Cal.App.5th 406, 409-410 [the father's failure to object to visitation order forfeited his contention "the juvenile court improperly delegated its authority at the detention hearing when it ordered that the children could refuse visitation"].)

"When a juvenile court terminates its jurisdiction over a dependent child, it is empowered to make exit orders regarding custody and visitation." (*In re Armando L.*

9

(2016) 1 Cal.App.5th 606, 616 (*Armando L.*).) "These orders become part of any family court proceeding concerning the same child and will remain in effect until they are modified or terminated by the family court." (*Armando L.*, at p. 616.)

The power to determine the right and extent of visitation in a dependency case resides with the juvenile court and may not be delegated to nonjudicial officials or private parties, including a legal guardian. (*S.B.*, *supra*, 32 Cal.4th at pp. 1295-1296; see *In re Armando L.*, *supra*, 1 Cal.App.5th at p. 616; accord, *In re Korbin Z.* (2016) 3 Cal.App.5th 511, 516 ["[T]he juvenile court cannot delegate the decision whether visitation will occur to any third party, including the child, the social services agency, or the guardian."].) " 'This rule of nondelegation applies to exit orders issued when dependency jurisdiction is terminated.' " (*In re A.C.* (2011) 197 Cal.App.4th 796, 799; accord, *In re T.H.* (2010) 190 Cal.App.4th 1119, 1123 (*T.H.*).) While "[a] visitation order may delegate to a third party the responsibility for managing the details of visits, including their time, place and manner," the juvenile court has " 'the ultimate supervision and control over' " whether visitation will occur. (*T.H.*, at p. 1123; accord, *Korbin Z.*, at p. 517.) " 'When the court abdicates its discretion and permits a third party . . . to determine whether any visitation will occur, the court impermissibly delegates its authority over visitation and abuses its discretion.' " (*Korbin Z.*, at p. 519.) "Where a juvenile court orders visitation, the court shall specify the frequency and duration of visits." (*In re Grace C.* (2010) 190 Cal.App.4th 1470, 1478.) Thus, for example, "[t]he time, place, and manner of visitation

10

may be left to the legal guardians, but the guardians shall not have discretion to decide whether visitation actually occurs." (*Ibid*.)

Here, the juvenile court terminated jurisdiction and ordered legal guardianship with the paternal grandmother over the children with visitation to be arranged by the legal guardian, without specifying the amount of visitation. By failing to specify the frequency and duration of Father's visits, the juvenile court abused its discretion by delegating to the legal guardian the decision whether visitation will occur at all, and if allowed, in what amount. (*T.H.*, *supra*, 190 Cal.App.4th at pp. 1123-1124 [juvenile court abused its discretion by ordering supervised visitation "upon the 'agreement of the parents' " because order effectively gave custodial parent "veto power" over visitation]; *In re Hunter S.* (2006) 142 Cal.App.4th 1497, 1505 [order granting "monitored visitation 'as can be arranged' " impermissibly delegated to child "virtually complete discretion to veto visitation"]; *In re S.H.* (2003) 111 Cal.App.4th 310, 319 ["[B]y failing to mandate any minimum number of monitored visits per month or even to order that *some* visitation *must* occur each month, the court's abstract recognition of [the mother's] right to visitation is illusory, transforming the children's ability to refuse 'a visit' into the practical ability to forestall any visits at all."].)

As explained in *In re S.H.*, *supra*, 111 Cal.App.4th at page 317, while a visitation order should provide "for flexibility in response to the changing needs of the child and to dynamic family circumstances," the juvenile court also must "ensure regular parent-child visitation occurs." The Court of Appeal emphasized that "the power to decide whether

11

any visitation occurs belongs to the court alone," and the court cannot abdicate its discretion by permitting a third party to determine whether visitation will occur. (*Id.* at pp. 317-318.)

We note a parent's "ability to seek a modification or enforcement of the order in the family court does not solve the problem of [the juvenile court's] unauthorized delegation." (*T.H.*, *supra*, 190 Cal.App.4th at p. 1123.) Further, to modify the visitation order in family court, Father must show (and the court must find) "that there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child." (§ 302, subd. (d); see *Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1164 ["[S]ection 302, subdivision (d), imposes a greater burden when a family court modifies a juvenile court's exit order, requiring that for modifications to either a 'custody or visitation order' the family court must first find a significant change of circumstances since the juvenile court's issuance of the exit order."].)

IV.

DISPOSITION

The order denying Father's section 388 petitions is reversed and the juvenile court is directed to conduct a new hearing to consider the merits of the petitions under section 388, including any evidence developed subsequent to the filing of his petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON          
                                                                                            J.

We concur:


RAMIREZ              
                              P. J.


MILLER              
                              J.